IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-746-FL

|  |  |  |
|---|---|---|
| LAWANDA DENISA PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK J. BISIGNANO, Commissioner of | ) | |
| Social Security, | ) | |
| Defendant. | ) | |

This matter comes before the court upon the parties' briefs filed pursuant to the court's April 7, 2025, corrected notice under the Supplemental Rules for Social Security Actions.[1] (DE 11). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 18), wherein it is recommended that the court affirm defendant's decision. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's decision is affirmed.

## BACKGROUND

Plaintiff applied for supplemental social security income on November 18, 2021, alleging a disability onset date of August 10, 2021. Plaintiff's claim was first denied June 15, 2022, and denied on reconsideration March 13, 2023, at which point plaintiff requested hearing before an Administrative Law Judge ("ALJ). The ALJ presided over hearing October 19, 2023, and denied

---

[1] The court's original notice failed to include plaintiff's deadline, and corrected notice, entered the same day, cured this deficiency. (See DE 10).

plaintiff's claim March 19, 2024. After the Social Security Appeals Council denied her appeal, plaintiff filed complaint with this court seeking reversal of the ALJ's decision, or in the alternative, remand for a new hearing.

**COURT'S DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[2] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, [which] should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a

---

[2]      Internal citations and quotation marks are omitted from all citations unless otherwise specified.

2

magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ found at step one plaintiff had "not engaged in substantial gainful activity since November 18, 2021." (Tr. 24). At step two, the ALJ found plaintiff's chronic pain syndrome, anxiety disorder, major depressive disorder, hypertension, degenerative disc disease/degenerative joint disease, asthma, and lupus/systemic lupus erythematosus qualified as severe impairments.

3

(Id.).  The ALJ also determined plaintiff's hyperlipidemia is a non-severe impairment, plaintiff's

history of seizures is not a medically determinable impairment, and the possibility of rheumatoid

arthritis is not a medically determinable impairment.  (Id. at 24-25).   Next, the ALJ found at step

three that plaintiff's impairments did not meet or equal the severity of one of the listed

impairments.  (Id.).

The ALJ determined plaintiff has the residual functional capacity ("RFC") to perform light

work subject to the following listed provisos:

> [Plaintiff] can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] must avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. She must avoid concentrated exposure to extreme temperatures of cold. [Plaintiff] is generally able to understand and perform simple, routine, repetitive tasks.  [Plaintiff] can maintain concentration, persistence and pace to stay on task for periods of 2 hours at a time over the course of a typical 8-hour work day with normal breaks in order to perform such tasks, in a low stress work setting, which, in addition to the nature of the work being performed, is also defined by the work setting not being production-pace or quota based; rather [plaintiff] requires a goal-oriented job primarily dealing with things rather than people, with no more than occasional social interaction as part of the job with supervisors, co-workers, and/or the public.

(Id. at 28).

While plaintiff has no past relevant work, the ALJ found that plaintiff could perform jobs

such as "marker," "linking machine operator," or "toy weigher." (Id. at 33).  "A finding of 'not

disabled' is therefore appropriate." (Id.).

B.      Analysis

Plaintiff argues the ALJ erred by failing to explain how the RFC accounts for plaintiff's

mental impairments and by failing to define adequately the limitations on plaintiff's RFC.  (Pl's

Br. (DE 12) at 11-12).  Plaintiff relies on Dichiara v. O'Malley, in which the district court remanded

because the ALJ failed to "explain[] how the RFC limitations will account for Claimant's alleged mental impairments." No. 3:23-CV-285-FDW, 2024 WL 3220728, at *4 (W.D.N.C. June 27, 2024). Plaintiff also relies on Thomas v. Berryhill, wherein the ALJ did not provide enough information for the court to understand the terms "production rate or demand pace," 916 F.3d 307, 312 (4th Cir. 2019), and Perry v. Berryhill, in which the ALJ offered no explanation for the phrase "non-production oriented work setting," 765 F. App'x 869, 872 (4th Cir. 2019).

In the M&R, the magistrate judge distinguished Dichiara because the claimant in that case "suffered from several severe mental impairments, including schizoaffective disorder, generalized anxiety disorder/panic disorder, post-traumatic stress disorder, and attention deficit-hyperactivity disorder." (M&R at 7) (citing Dichiara, 2024 WL 3220728, at *1). In contrast here, "although [plaintiff] had been diagnosed with anxiety and depression, the most recent records, from March to November 2023, indicated that [plaintiff] consistently denied having anxiety and depression and that her mental status examinations were unremarkable." (Id. at 8). The magistrate judge also found that plaintiff's RFC mirrored that in Sizemore v. Berryhill, 878 F.3d 72, 79 (4th Cir. 2017), and concluded that "[t]he non-quota-based descriptor, along with the limitation on interactions with others, add context not included in Thomas or Perry that sufficiently clarifies what the ALJ intended." (M&R at 10).

Plaintiff objects to the M&R on two grounds. First, plaintiff argues Dichiara is analogous to the instant case and demonstrates that the ALJ failed to account for plaintiff's mental impairments. Second, plaintiff argues that the magistrate judge's reliance on Sizemore is misplaced because the explanation of limitations in plaintiff's RFC is not as clear as the explanation in that case. The court addresses each argument in turn.

5

1.     Accounting for Plaintiff's Mental Impairments

Plaintiff argues that remand is necessary for the ALJ to explain how plaintiff's mental impairments are accounted for in the limitation to

> maintain concentration, persistence, and pace to stay on task for periods of 2 hours at a time over the course of a typical 8-hour work day with normal breaks in order to perform such tasks, in a low stress work setting, which, in addition to the nature of the work being performed, is also defined by the work setting not being production-pace or quota based; rather, [plaintiff] requires a goal-oriented job primarily dealing with things rather than people, with no more than occasional social interaction as part of the job with supervisors, co-workers, and/or the public.

(Tr. 28).

In Dichiara, the claimant's RFC included a nearly identical limitation to

> maintain concentration, persistence, and pace to stay on task for two-hour periods over a typical eight-hour workday with normal breaks in order to perform such tasks, in a work setting that is low stress, which, in addition to the nature of work that is being performed, is also defined by the work setting not being production-paced or quota based; rather, [the claimant] requires a goal-oriented job that primarily deals with things rather than people; no more than occasional social interaction with supervisors, co-workers, and the public as part of the job.

Dichiara, 2024 WL 3220728, at *2. The court determined that the ALJ failed to provide sufficient narrative discussion to "explain[] how the RFC limitations will account for Claimant's alleged mental impairments." Id. at *4. Specifically, there was not an "accurate and logical bridge" between evidence that the claimant had "panic attacks multiple times a week, lasting up to one hour," and a limitation to a "typical eight-hour day with normal breaks." Id. at *5.

In contrast here, the ALJ found that plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms . . . are inconsistent with the medical evidence of record." (Tr. 31). In regard to plaintiff's mental impairments, although plaintiff "was diagnosed with anxiety and depression around the time she was diagnosed with lupus," she "consistently denied anxiety and depression and her mental status has been unremarkable." (Id.). Therefore, it was

6

appropriate for the ALJ to "conclude[] that [plaintiff's] impairments are not as severe or limiting as alleged." (Id. at 32). Moreover, where the ALJ made such conclusion explicit, there is an accurate and logical bridge to the limitation to "a typical 8-hour work day with normal breaks," (id. at 28), particularly where there is no evidence that plaintiff experiences episodes similar to the panic attacks described in Dichiara, 2024 WL 3220728, at *5. Thus, the ALJ in this case provided sufficient narrative discussion to explain how the RFC limitations will account for the severity of mental impairments the ALJ found plaintiff to have.

Accordingly, the magistrate judge properly distinguished Dichiara, and plaintiff's objection on this basis is overruled.

### 2. Explanation of Limitations

Plaintiff next argues that the ALJ failed to define or explain sufficiently the limitation to "a low stress work setting, which, in addition to the nature of the work being performed, is also defined by the work setting not being production-pace or quota based; rather [plaintiff] requires a goal-oriented job primarily dealing with things rather than people." (Tr. 28).

In Sizemore, the court affirmed an ALJ's decision which included an RFC limitation to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact." 878 F.3d at 79. The descriptors "low stress" without any "fast-paced work" or "public contact" "helped to explain the restriction intended by the ALJ, and allowed [the court] to evaluate whether the restriction adequately accounted for the claimant's limitations." Perry, 765 F. App'x at 872 n.1.

Similarly here, the ALJ used the descriptors "not . . . production-pace or quota based," "goal-oriented," and "primarily dealing with things rather than people" to explain the intended meaning of plaintiff's limitation to "a low stress work setting." (Tr. 28). Plaintiff argues that

7

Sizemore is distinguishable because the RFC here does not include a limitation to work that is not "fast-paced." (Obj. (DE 19) at 2). However, the fact that plaintiff's RFC does not include a limitation on "fast-paced" work does not diminish the clarity of the ALJ's intent or distinguish adequately the holding of Sizemore.

Accordingly, plaintiff's objection on this basis is overruled.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 18), and the final decision of the Commissioner is AFFIRMED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2026.

LOUISE W. FLANAGAN
United States District Judge

8